

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| **VS.** § § § | **CASE NO. 1:13-CR-118(2)** |
| **CHENGLUN MA** § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On June 3, 2014, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Chenglun Ma, on **Count One** of the charging **Indictment** filed in this cause. Count One of the Indictment charges the defendant with RICO conspiracy under 18 U.S.C. § 1962(d). Specifically, the Indictment sets out general allegations, the alleged racketeering enterprise, the purposes and means and methods of alleged enterprise,

1

and the roles of the defendants. Count One states that from in or about 2006, the exact date remaining unknown, until November 7, 2013, in the Eastern District of Texas and elsewhere, Lina Sun, a/k/a "Linda," Chenglun Ma a/k/a "Pablo," Chang Jin Song, and Zhiquang Li, together with other persons known and unknown to the Grand Jury, being persons employed by and associated with the Hong Li enterprise, an enterprise which engaged in, and the activities of which affected interstate commerce, knowingly and intentionally conspired to violate 18 U.S.C. § 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the Hong Li enterprise through a pattern of racketeering activity, as that term is defined in 18 U.S.C. § 1961(1) and 1961(5), consisting of multiple acts indictable under Title 8 U.S.C. § 1324 (relating to bringing and harboring certain aliens for the purpose of financial gain).

Defendant, Chenglun Ma, entered a plea of guilty to Count One of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

    c.    That Defendant is fully competent and capable of entering an informed plea, that

Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

      d.      That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 1962(d).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented a factual basis. *See Factual Basis and Stipulation.* In support, the Government and Defendant stipulated that if this case were to proceed to trial the Government would prove that defendant is one and the same person charged in Count One of the Indictment and that the events described in Count One of the Indictment occurred in the Eastern District of Texas and elsewhere. The Government would also prove beyond a reasonable doubt, through admissible exhibits and the sworn testimony of witnesses, each and every essential element of the crime charged in Count One of the Indictment. The Court incorporates the proffer of evidence described in detail in the factual basis in support of the guilty plea. Defendant, Chenglun Ma, agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty

plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count One** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court accept the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c). Accordingly, it is further recommended that, Defendant, Chenglun Ma, be finally adjudged as guilty of the charged offense under **Title 18, United States Code, Section 1962(d).**

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject the plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3)(A). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw the guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to

Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

### OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 3rd day of June, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

### OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 3rd day of June, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE